UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.: 1:15-cr-00090-SM |
| ) | |
| WILLIAM TOWNLEY ) | |

### UNITED STATES' SENTENCING MEMORANDUM

On September 8, 2015, the defendant pled guilty to a single count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). The Presentence Investigation Report (hereinafter the "PSR") determined the defendant's criminal history category ("CHC") to be III, resulting in a guideline range of 18 to 24 months. For the reasons set forth below, the government proposes a sentence of 18 months, at the low end of the sentencing guideline range, followed by five years of supervised release, which appropriately fulfills the sentencing objectives described in 18 U.S.C. § 3553(a).

In 1986, the defendant, then 27 years old, was convicted of sexual assault on a child under the age of thirteen and admitted to performing oral sex on the eight-year-old daughter of his girlfriend. He served a sentence of less than three years for the offense. The defendant is a Tier III sex offender who is required to register for life under the Sex Offender Registration and Notification Act ("SORNA"). In the state of New Hampshire, the defendant is required to update his registration quarterly and within five days of changing his residence. Additionally, within five and ten days respectively, the defendant is required to notify New Hampshire and any other jurisdiction he moves to if he relocates out of state. In 2011, the defendant was convicted of failure to register as a sex offender in Hillsborough County Superior Court and received a 12-month suspended sentence.

In determining an appropriate sentence, the Court should first calculate the guideline range under the United States Sentencing Guidelines including any appropriate departures. *United States v. Smith*, 531 F.3d 109, 111 (1st Cir. 2008).  After calculating the guideline range, the Court should consider the factors set forth in 18 U.S.C. § 3553(a) to determine an appropriate sentence, explain its reasoning, and select a sentence that is "sufficient, but not greater than necessary, to achieve the goals of sentencing."  *Id.*  (internal quotations omitted).  In this case, the PSR has determined the defendant's sentencing guideline range to be 18-24 months.  The United States agrees with the calculation in the PSR and believes that a sentence at the low end of the range satisfies the factors set forth in 18 U.S.C. § 3553(a).

Congress passed SORNA "to protect the public from sex offenders and offenders against children" and to establish "a comprehensive national system for the registration of those offenders."  42 U.S.C. § 16901 (West 2015).  The defendant's conviction that serves as the basis for his registration requirement is egregious, leading to his status as a Tier III offender, the most serious classification.

There are no mitigating factors that warrant a sentence below the guideline range in this case.  The nature and circumstances of the offense support a sentence within the guideline range as the defendant's failure to register in this case was based on a knowing and calculated decision to flee the state.  The defendant, convicted of failing to register in New Hampshire in 2011, was clearly aware of his registration requirements.  In December 2013, he was confronted by Peterborough Police for being in failure to register status.  Instead of charging him with this conduct, they gave him a chance to comply and asked him to come to the police department and properly register.  The defendant initially did so, signing the paperwork which includes a specific section where the registrant acknowledges the requirements.  Apparently because of his

frustration with restrictions on where he could live as a result of his registration status, the defendant left New Hampshire traveling first to New Jersey for a few months and then to Indiana.  When he was apprehended in Indiana, he told law enforcement that he left New Hampshire to get away from his registration requirements.  This is not the defendant's first failure to register offense and he admitted that his failure to register was a conscious decision.

Defense counsel highlights that the defendant was in compliance with Indiana's sex offender registration law at the time of his arrest in this case.  This erroneously implies that the defendant registered in Indiana of his own accord.  The defendant registered only after the United States Marshals Service expended resources to track him to Indiana and sent a Deputy United States Marshal and two local law enforcement officers to his residence.  He registered immediately thereafter.  As Indiana only mandates annual registration, he has not been required to take any other action to stay in compliance with Indiana law.

A sentence of 18 months appropriately reflects the seriousness of the offense where this defendant has shown an awareness of registration requirements and an unwillingness to comply.  The defendant's decision to flee the state to try to avoid registration after a conviction for similar conduct in 2011 shows a lack of respect for the law.  The defendant's criminal history category is properly calculated, reflecting a number of mostly drug-related infractions.  There are no mitigating factors in this case that warrant a sentence below the guideline range.  An 18-month sentence also serves the purposes of specific and general deterrence to show this and other defendants that they cannot flee from registration obligations enacted by Congress to protect our communities from offenders against children.

CONCLUSION

For the reasons set forth above, the government requests that the Court sentence the defendant to serve 18 months in prison, followed by five years of supervised release.

Dated: December 8, 2015

Respectfully submitted,

DONALD FEITH
Acting United States Attorney

/s/ Georgiana L. Konesky
Assistant U.S. Attorney
Massachusetts Bar #685375
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
Georgiana.Konesky@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Sentencing Memorandum was electronically served upon Bjorn Lange, Esq., counsel for the defendant.

/s/ Georgiana L. Konesky
Georgiana L. Konesky
Assistant U.S. Attorney