IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 15 Cr -00090-SM |
| | ] | |
| WILLIAM TOWNLEY | ] | |

## MOTION ON SENTENCING

Defendant William Townley respectfully moves through counsel that the Court sentence him to time served and five (5) years of supervised release with appropriate special conditions, including that he register initially in New Hampshire and thereafter keep this registration current in each jurisdiction where he resides, works, and attends school.   Grounds follow.

On June 17, 2015 the grand jury returned a one count indictment charging Townley with Failure to Register as a Sex Offender.   An arrest warrant was issued the next day.   The warrant was executed on June 30 when Townley was arrested without incident at his home in Atlanta, Indiana.   He waived an identity hearing, stipulated to detention, and was brought to this district, where he stipulated to continued detention.    On August 17 he executed an Acknowledgement and Waiver of Rights form.   On September 8 the Court accepted his un-negotiated plea of guilty. Sentencing is scheduled for December 22, 2015.

The presentence investigation report concludes that Townley falls in Criminal History Category III, that the total offense level is 13, and that the advisory guideline range (GSR) is 18 to 24 months.   *Presentence Investigation Report of 12/2/15* ("*PSR*"), *¶ ¶ 31, 45, & 72.*   The parties do not contest those calculations.

United States' Sentencing Memorandum, *Document 15*, seeks a sentence of 18 months in custody and five years of supervised release.

1

### A. Legal Authority for a Non-Guideline Sentence

The standards governing imposition of a non-guideline sentence are well-established. United States v. Booker, 543 U. S. 220, 125 S. Ct 738 (2005), Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007), Kimbrough v. United States, 128 S. Ct. 558 (2007), and 18 U.S.C. § 3553(a) require the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant and to impose a sentence which is sufficient but not greater than necessary to comply with the enumerated purposes of sentencing.  Upholding a non-guideline sentence well below the GSR,  Judge Selya wrote for the First Circuit Court of Appeals that post-Gall, "A sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them.  Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale." United States v. Martin, 520 F.3rd 87, 91 (1st Cir. 2008).

### B. The Circumstances of the Offense.

In 1986 in the Sussex County (NJ) Superior Court Townley pled guilty to sexual assault of a young girl and was sentenced to 6 years of imprisonment.  *PSR ¶ 35.*  He was paroled after serving less than three years of that sentence.  He was evaluated at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, which determined that he was not a repetitive sexual offender and that he did fall under the purview of the New Jersey Sex Offender Act.  New Jersey did not require sex offender registration until July 23, 2001, when its so called Megan's Law went into effect.  *N.J.S.A. 2C:7-12 through 2C:7-19.*  It appears that at no time has the State of New Jersey required Townley to register as a sex offender.  Riley v. New Jersey State Parole Bd., 219 N.J. 270, 98 A.3d 544 (2014) (The NJ Supreme Court held that the retroactive application of the

2

2007 Sex Offender Monitoring Act, N.J.S.A. §§ 30:4-123.89 to 30:4-123.95, to defendant, 23 years after he committed the sexual offense at issue and after he fully completed his criminal sentence, violated the Ex Post Facto Clauses of the United States and New Jersey Constitution.). However, after Townley moved to New Hampshire he was required to register as a sex offender due to the 1986 conviction.  Doe v. State, 111 A.3d 1077 (Supreme Court of New Hampshire, No. 2013-496, February 12, 2015).   He was also subject to the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250, based on any interstate travel after 2006.  United States v. Del Valle-Cruz, 785 F.3d 48, 55 (1st Cir.2015); Carr v. United States, 560 U.S. 438, 130 S. Ct. 2229-2242 (2010).

In November of 2011 the NH Department of Safety notified Townley at his address in Hillsborough, NH that, although he did not have to register as a sex offender in New Jersey, the 1986 conviction required that he register for life so long as he resided in New Hampshire.  *PSR ¶ 10.*  On November 7, 2011 he registered as a Tier III sex offender with the Hillsborough police department.  *PSR ¶ 44.*  A month later he returned to that department to report that he was moving to Winchendon, Massachusetts. *Id.*   His failure to update his registration thereafter resulted in a September 25, 2012 conviction in the Hillsborough County Superior Court, for which he received a suspended sentence.  *Id.*

Disabled due to a serious work-related injury in 1998, *PSR ¶ 58,* Townley had difficulty maintaining a stable residence after 2011.   Spending time in Winchendon, Jaffrey, and Peterborough. *PSR ¶ ¶ 10-11*, he failed to keep his registration current.   Learning that he was living in Peterborough, on December 20, 2013 local officers went to an apartment at 68 Summer Street, where Townley was residing with his common law wife Theresa Sipler.   They reminded

3

him that every time he moved he was obliged to update his registration, which he did that day. *PSR ¶ 12.* The officers told him to contact the housing manager at Sipler's apartment. As soon as he told the manager that he was a registered sex offender, he was notified to leave and told not to return to the apartment. *PSR ¶ 13.* Townley travelled to Whiting, New Jersey, where he stayed with his ex-wife and their daughter and where he understood that he did not have to register as a sex offender. *PSR ¶ 15.* He left New Jersey around February or March of 2014 and went to Atlanta, Indiana to live with his father, an 82 year old widower in poor health. *Id.* Sipler joined him there. *PSR ¶ 56*

The gravamen of the instant offense is that Townley did not notify New Hampshire authorities that he had left the state in December of 2013, nor did he update his registration as soon as he arrived in Indiana on or about March 5, 2014.

On September 16, 2014 local deputies came to Townley's home in Atlanta, Indiana and met with him and his father. *PSR ¶.16.* He confirmed that he left New Hampshire after receiving a no trespass notice and moved to Atlanta to care for his father. The deputies advised him to report to their department to register as a sex offender. On September 19, he registered in conformity with Indiana law, which requires that he register once a year. *Id.* He was lawfully registered when he was arrested on the instant indictment on June 30, 2015 and transported to this district. *Id.*

**E. The Defendant's History and Characteristics.**

Townley is 57 years old. He is a high school graduate with a year of college. He served in the United States Navy from 1980 to 1983. *PSR ¶ 67.* He was assigned as a radar specialist on the first of the Spruance class of guided missile destroyers. He was discharged under other than

4

honorable conditions after testing positive for marijuana.   He worked in construction and from 1989 until 2004 was a member of Construction & General Laborers Union Local 172, *PSR ¶ 68,* which represents heavy and highway laborers and plant employees in Southern and Central New Jersey. See *www.njlaborers.org › Local Unions › Heavy and Highway* (visited 12/11/15).   He was disabled after 2005, due to the 1998 work-related injury.

The 1986 sexual assault is Townley's only conviction for an offense in which there was an individual victim.   He admitted his serious misconduct, recognized that it was wrong, and said that it would never happen again.   *PSR ¶ 35*.   Nothing like that happened before or since.   *PSR ¶ ¶ 34-51*.   Recurring themes in the rest of Townley's criminal history include possession and use of marijuana and motor vehicle violations, none of which were for driving under the influence of drugs or alcohol.   His only periods of incarceration are his imprisonment in New Jersey in 1986, 15 days he served in 2005 for breach of bail conditions by driving a motorcycle without a valid license, and his confinement since his June 30 arrest in this case.   His current confinement suffices to teach him that he must keep his registration current.

Townley began using marijuana when he was 15.   *PSR ¶ 65*.   His criminal history and his statements to the author of the PSR indicate that he used it regularly until December of 2013, when he left New Hampshire and quit.   *PSR ¶ ¶ 34, 37-39, 41, & 65*.   That he had no law enforcement contacts in New Jersey or Indiana until his June 30 arrest for the instant offense corroborates his being drug-free since leaving New Hampshire.

In Atlanta Townley has established a stable, law-abiding life, living with and caring for his father and Theresa Sipler, each of whom has serious medical problems.   *PSR ¶ 56*.   Appended to the PSR on page 4 of document 12-3 is a copy of an August 11, 2015 letter from Sipler to

defense counsel. It explains that she and Townley are mutually supportive, that he provides needed care for his father and for her, and that he is an active member of a local church. It also states that Townley has been candid with her and with their pastor about his obligation to register because of the New Jersey sexual assault conviction. Page 3 of Document 12-3 is a copy of a letter faxed to counsel on August 31, 2015 from Reverend Joseph M. Brown, pastor of the Atlanta Christian Church. It states that Townley told him about the NJ conviction, that Townley "assured me both in word and by his actions that this past problem is not a current problem," and that he has been an asset to the church and the community. It recognizes that Townley must register, asks for leniency, and expresses confidence that he will "prove himself faithful to the registry and to the law."

In Atlanta Townley has been able to establish a doctor-patient relationship with a local physician who has provided treatment for the conditions noted in the PSR. *PSR ¶ ¶ 58-61.*

**D. The sentence sought herein would be sufficient but not greater than necessary to comply with the statutory purposes of sentencing.**

There is minimal risk that Townley will fail to keep his sex offender registration current or otherwise violate the law after his release from custody. Unlike his situation in New Hampshire, he will be returning to a stable residence with people who know that he must maintain his registration as a sex offender and with whom he has mutually supportive relationships. Moreover, he will be under the supervision of a federal probation officer who will monitor his compliance with all conditions of supervised release, including that he keep his sex offender registration current and that he not relapse back to his problematic use of marijuana.

The sentence sought herein would be sufficient but not greater than necessary to implement the criteria in 18 U.S.C. § 3553(a)(2). It would impose a sufficient term of federal

imprisonment and supervised release to reflect the seriousness of a regulatory felony offense which will mark Townley for the rest of his life, which can never be expunged or annulled from his record, and which always be accessible on the Internet. The sentence sought herein would promote respect for the law and provide just punishment for a defendant who has no history of violent offenses or sophisticated criminal conduct and who demonstrates appropriate remorse. It would afford adequate deterrence to criminal conduct and protect the public from further crimes by a man who will be returning to live among people who know what they need to know about him and who will be subject to supervision by a federal probation officer who will make sure that he complies with his conditions of release and that he has reasonable access to any necessary services.

The government opposes the relief sought herein.

No memorandum accompanies this motion because it contains supporting authority.

WHEREFORE, it is respectfully moved that the Court grant said relief and such other and further relief as may be just.

                                                Respectfully submitted,
                                                WILLIAM TOWNLEY
                                                By His Attorney,

Date: December 12, 2015                  /s/ Bjorn Lange
                                                Bjorn Lange (NHBA # 1426)
                                                Assistant Federal Public Defender
                                                22 Bridge Street
                                                Concord, NH 03301
                                                Tel. 603-226-7360
                                                Bjorn_Lange@fd.org

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 12, 2015 the above document was served via ECF to AUSA Georgian L. Konesky and that a copies will be e-mailed to USPO Scott M. Davidson and mailed to the defendant.

              /s/ Bjorn Lange
              Bjorn Lange